FILED

AUG 1 8 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| In re | Case No. 01-23174-A-7 |
| ROBERT and DEOLINDA BOGETTI, | Docket Control No. RM-3 |
| Debtors. | Date: August 17, 2006<br>Time: 9:00 a.m. |

### MEMORANDUM DECISION

On or about October 9, 1997, the debtors created a trust, the Robert P. Bogetti and Deolinda M. Bogetti Retirement Plan and Trust. The res of the trust includes real property located at 3950 W. Durham Ferry Road, Tracy, California ("the property"). The debtors were both the settlors and the beneficiaries of the trust.

On May 16, 2000, Bank of America ("BofA") obtained a judgment against the debtors in the amount of $2,621,081.03. BofA recorded an abstract of the judgment in San Joaquin County on May 24, 2000 and again on May 25, 2000. The resulting judicial liens retroactively attached to the property by virtue of a writ of attachment identifying the property and recorded on or about December 2, 1998.

On June 26, 2000, the debtors filed this bankruptcy case. The debtors claimed the property as exempt pursuant to Cal. Civ. Proc. Code § 704.730(a)(3). They also claimed their interest in the trust, as well as the property, exempt under Cal. Civ. Proc. Code § 704.115(b).

The debtors argued in an adversary proceeding, Adv. No. 01-2122, that BofA's judicial lien was avoidable for reasons having nothing to do with 11 U.S.C. § 522(f)(1)(A). In that proceeding, the debtors maintained that the writ of attachment was defective, thereby preventing the relation back of the abstracts of judgment. This allegedly meant that the abstracts became effective within 90 days of the filing of the petition, making the resulting judicial liens avoidable as preferential transfers. See 11 U.S.C. § 547(b).

On BofA' motion, however, the court dismissed the adversary proceeding on July 9, 2001, ruling:

> The debtors have an interest in the trust but not in the res of the trust. The property of the trust is owned by the trustees [of the Bogetti's trust] ... The real property is not now property of the estate and an action under 11 U.S.C. § 547 cannot lie. The motion will be granted. Because it is yet possible for the [property in the trust] to become property of the estate, the complaint will be dismissed without prejudice.

See Minutes of Hearing, July 9, 2001. An appeal of the dismissal followed but it was voluntarily dismissed by the debtors.

Next, the United States Trustee and BofA objected to the debtors' claims of exemptions. On October 4, 2001, the court issued a Memorandum Decision, sustaining the objection to the section 704.115 exemptions and overruling the objection to the section 704.730 exemptions.

As to the $125,000 homestead exemption claimed pursuant to section 704.730 in connection with the property, the court concluded:

1.   The trust held legal title to the property.

2.   The debtors, as beneficiaries of the trust, held a beneficial interest in the trust but not in the property in the trust.  This interest is property of the bankruptcy estate even though the trust instrument contained a spendthrift provision.  If enforceable, this provision would prevent the debtors' beneficial interest in the trust from becoming property of the estate.  However, the spendthrift provision was unenforceable under California law because the settlors and the beneficiaries were the same persons.  <u>See</u> Cal. Probate Code § 15304(a) (making self-settled spendthrift trusts unenforceable).

3.   The debtors, as settlors of the trust, had a beneficial interest in the property held in trust even though the trust purported to be irrevocable.  In substance, the trust was revocable because the debtors were the only beneficiaries and Cal. Probate Code § 15403(a) permits all beneficiaries to agree to terminate an irrevocable trust.  As a result, the property held in trust remained subject to the claims of the debtors' creditors.  <u>See</u> Cal. Probate Code §§ 18200.  Further, the invalidity of the spendthrift provision also meant that the creditors of the debtors/settlors, but for the bankruptcy petition, could satisfy their claims against the property and the other trust assets.  <u>See</u> Cal. Probate Code § 15304(a).

4.   Because the interest of the debtors as settlors of the trust in trust assets could be reached by their creditors, those assets are also subject to the reach of the bankruptcy trustee.

5.   However, because the property and other trust assets are subject to claims of creditors and the trustee, the debtors, as settlors of the trust, are entitled to claim exemptions in the trust property. <u>See</u> Cal. Probate Code § 18201.

6.   Therefore, the court overruled the objections to the debtors' homestead exemption pursuant to Cal. Civ. Proc. Code § 704.730(a)(3) in the amount of $125,000.[1]

---

[1]     The court sustained other objections to exemptions other than the homestead exemption.  However, those exemptions and objections are not germane to the motion now before the

The debtors appealed this court's order, contending that its earlier dismissal of Adv. Pro. 01-2122 on the ground that the legal interest in the trust property was not property of the estate meant that the debtors' beneficial interest in the trust and in the trust property also was not property of the estate.

The Bankruptcy Appellate Panel rejected this assertion, and in affirming the decision of this court, concluded on May 14, 2002:

> . . . The question, for purposes of determining property of the estate, is whether debtors have a legal or beneficial interest in the property. Because the legal and beneficial interests in trust property are held by separate entities, it was not error for the bankruptcy court to determine whether each of those interests is property of the estate.
>
> . . .
>
> A debtor's beneficial interest in property is property of the estate, unless excluded because it is subject to an antialienation clause that is enforceable under nonbankruptcy law. [Citations omitted.] The trust in this case contains an antialienation provision. However, because debtors are the settlors of the trust, as well as its beneficiaries, the provision restraining alienation is unenforceable under California law. Cal. Probate Code § 15304(a). As a result, debtors' beneficial interest in the trust or the trust corpus is property of the estate.

The decision of the Bankruptcy Appellate Panel was affirmed by the Ninth Circuit on August 18, 2003.

The debtors now move to avoid BofA's judicial lien pursuant to 11 U.S.C. § 522(f)(1)(A). Given the court's prior conclusion that the debtors could claim a homestead exemption, the avoidability of BofA's judicial lien pursuant to section 522(f)(1)(A) is ripe for decision.

court.

-4-

1   The court first must decide the extent of the debtors'
2   interest in the property they have exempted.

3       BofA maintains that the debtors' interest is limited to just
4   $125,000 of equity in the property.  On the date of the petition,
5   the remainder of the property was owned by the trust, not the
6   debtors.  Consequently, just as the debtors could not avoid the
7   transfer of an interest in the property under section 547(b) they
8   did not own that property, they cannot avoid a judicial lien
9   encumbering the property under section 522(f)(1)(A) because it
10  belonged to the trust when the petition was filed.

11      The debtors counter that they had, on the date of the
12  petition, and continue to have, a beneficial interest in the
13  entire property.  Therefore, the value of the entire property as
14  of the petition date, not just $125,000, must be determined.  If
15  the unavoidable liens plus their homestead exemption exceed that
16  value, then the arithmetical formula in 11 U.S.C. § 522(f)(2)(A)
17  requires BofA's judicial lien be avoided in its entirety and
18  stripped from the property.

19      As noted above, the court previously determined that the
20  trust, despite its ostensible irrevocability, was in fact
21  revocable.

22      Had the trust been irrevocable, the debtors would have had
23  no right to exempt any portion of the trust property.[2]  Only when

---

24

25      [2]    At oral argument, counsel for the debtor suggested that
    the court had not previously determined that the trust was
26  revocable.  In fact, the court did come to that conclusion in its
    Memorandum Decision dated October 4, 2001.  The court has not, as
27  yet, determined that the trust has been revoked.  If the court
    had not decided the issue of the trust's revocability, and if the
28  trust is irrevocable, the debtors could not claim an exemption in
    the trust res.  See Cal. Probate Code §§ 18200.

a trust is revocable may the creditors of the settlor satisfy their claims from the property contributed to the trust by the settlor.  See Cal. Probate Code § 18200.  Only if it is subject to the claims of creditors, the settlor may exempt the trust property to the extent allowed by Cal. Civ. Proc. Code §§ 703.101, et seq.  See Cal. Probate Code § 18201.

Assuming that the trust is revocable, as the court previously determined, what interest did the debtors have in the property when they filed their petition?

Under California law, a settlor's right to revoke a trust is not inconsistent with the establishment of the trust and the right does not make the trust void.  The right to revoke is a mere privilege and it does not prevent the vesting of legal title of the trust res in the trust.  See Estate of Willey, 128 Cal. 1, 9-10 (1900).  The trust remains operative and absolute until the right to revoke is exercised.  Id.  Until a trust is revoked, it or its trustee owns the trust res.

So, on the date the debtors filed their bankruptcy petition, the trust owned the property.  Nonetheless, the debtors also had an interest in the property but their interest was limited, as BofA maintains, to the $125,000 exemption.

When the petition was filed, the bankruptcy trustee[3] acquired the status of "a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, a judicial lien on

---

[3]     This case was originally filed under chapter 11 and the debtors remained in possession.  Nonetheless, a debtor in possession is a trustee for purposes of section 544(a).  See 11 U.S.C. § 1107(a).

all property on which a creditor on a simple contract could have obtained such a judicial lien...." 11 U.S.C. § 544(a)(1). <u>See, also</u> <u>In re Kelley</u>, 300 B.R. 11, 17 (B.A.P. 9th Cir. 2003); <u>In re Pike</u>, 243 B.R. 66, 70 (B.A.P. 9th Cir. 1999) (holding that the filing of a bankruptcy petition constitutes a "forced sale" for purposes of the California's homestead exemption laws).

As noted above, California law permits a creditor of a settlor of a revocable trust to satisfy a claim against the settlor from property held by the trust. This right, by virtue of section 544(a)(1), gave the bankruptcy estate an interest in the property.[4] The interest of the estate also triggered the debtors the right to claim a homestead exemption in the property. But, the debtors can claim nothing more in the property. The remaining interest in the property, as well as other nonexempt trust property, remains property of the trust subject to the claims of the bankruptcy estate.

BofA's judicial lien, as it concedes, is subject to the debtors' $125,000 homestead exemption, whether the exemption is asserted in or out of bankruptcy court. Even without this concession, it is unnecessary to grant the debtors' motion in order to establish that their exemption is allowed. The court has already allowed their homestead exemption.

This motion is necessary only insofar as it is possible to avoid the fixing of the judicial lien on the real property. Because the debtors did not own that property when the petition

---

[4]    The fact that bankruptcy estate succeeds to any right of the debtors, as the trust's settlors and beneficiaries, to revoke the trust, also gives the estate an interest in the property.

-7-

was filed, this is not possible.  The debtors may not utilize

section 522(f)(1)(A) to avoid a judicial lien that encumbers

property owned by another.

BofA also maintains that it holds a post-petition claim for

approximately $50,000 that is secured by the property and must be

deducted from the debtors' $125,000 homestead exemption.  Because

the court cannot grant the debtor's motion, there is no need to

decide this issue.

A separate order will be entered.

Dated: *18 August 2006*

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

## CERTIFICATE OF MAILING

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

J. Cunningham
1830 15th St
Sacramento, CA 95814

Robert Mehlaff
PO 1129
Tracy, CA 95378-1129

Robert Izmirian
333 Market St 25th Fl
San Francisco, CA 94105-2130

Deolinda Bogetti
PO Box 797
Vernalis, CA 95385

Robert Bogetti
PO Box 797
Vernalis, CA 95385

Office of the U.S. Trustee
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: August 18, 2006

_Susan C. Cox_
Susan C. Cox
Judicial Assistant to Judge McManus